11-3137-ag
Yan v. Holder

BIA
Hom, IJ
A094 922 803

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of July, two thousand twelve.

PRESENT:
      JON O. NEWMAN,
      RALPH K. WINTER,
      DENNY CHIN,
            *Circuit Judges.*

_____

ZHEN YIN YAN,
      *Petitioner,*

      v.                                          11-3137-ag
                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:          Gerald Karikari, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Ernesto H. Molina, Jr.,
                         Assistant Director; Jeffery R.
                         Leist, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhen Yin Yan, a native and citizen of the People's Republic of China, seeks review of a July 5, 2011, decision of the BIA affirming the March 3, 2010, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Yin Yan*, No. A094 922 803 (B.I.A. July 5, 2011), *aff'g* No. A094 922 803 (Immig. Ct. N.Y. City Mar. 3, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Yan's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the

2

totality of the circumstances, base a credibility finding on inconsistencies or omissions in the applicant's statements, without regard to whether the inconsistencies or omissions go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). In this case, substantial evidence supports the agency's adverse credibility determination, based on material inconsistencies between sworn statements during Yan's credible fear interview and his asylum application and his testimony before an IJ.

During his hearing, Yan testified that he knowingly made a false asylum claim under oath before an asylum officer during his credible fear interview. He argues that these false statements are inadequate to form the basis of the agency's adverse credibility determination because he did not understand his oath, he was unaccompanied by counsel, and he was reluctant to tell the truth due to the threats and coercion from his smuggler.[1] However, the BIA

---

[1] Yan also argues that the IJ's decision was clearly erroneous because it attributed to him a self-serving statement about mistreatment by the United States government that he did not make. Yan is correct that the IJ misattributed this statement; however, this error is harmless because nothing in the record suggests that the BIA gave this statement dispositive weight in deciding Yan's appeal. *See Ajdin v. Bureau of Citizenship and*

3

reasonably concluded that Yan's false statements during his credible fear interview were a sufficiently reliable basis to support the IJ's adverse credibility determination because he was provided a Mandarin interpreter, advised of the importance of telling the truth, and he waived his opportunity to have an attorney present. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) ("Where the record of a credible fear interview displays the hallmarks of reliability, it appropriately can be considered in assessing an alien's credibility."). Moreover, Yan's credible fear interview was memorialized in a written, verbatim transcript, and Yan's responses demonstrated his understanding of the questions presented during the interview. *Id.; see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 180 (2d Cir. 2004).

Moreover, the adverse credibility finding was further supported by the agency's finding that Yan failed to corroborate his claim because he did not include affidavits or statements from his sister or other individuals in the United States who would be knowledgeable about his claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

---

*Immigration Servs.*, 437 F.3d 261, 266 (2d Cir. 2006).

As the only evidence of a threat to Yan's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5